# EXHIBIT A

**EXHIBIT A**

**DRINKWATER & GOLDSTEIN, L.L.P.**
**TARA L. MAGITZ (NJ ATTY ID: 025592010)**
**277 WHITE HORSE PIKE, SUITE 200**
**ATCO, NEW JERSEY 08004**
**(856) 753-5131**
Attorneys for Plaintiffs: Jeannine Stahl

| | |
|---|---|
| JEANNINE STAHL<br><br>*Plaintiff(s)*<br><br>vs.<br><br>WALMART INC., WAL-MART REAL ESTATE BUSINESS TRUST, WALMART #5476, XYZ BUSINESS ENTITY #1-15 (fictitious names), j/s/a<br><br>*Defendant* | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br>DOCKET NO.: GLO-L-<br><br><u>CIVIL ACTION</u><br><br>**COMPLAINT &**<br>**JURY DEMAND** |

Plaintiff, JEANNINE STAHL, now residing at 110 Parasol Place, Sewell, County of Gloucester, and State of New Jersey, by way of Complaint against the Defendant, says:

## **BACKGROUND**

1. At all times hereinafter mentioned, Plaintiff, JEANNINE STAHL was an individual citizen and resident of the State of New Jersey, residing in Gloucester County, who at all times material hereto was a business invitee of the Defendants hereinafter pled.

2. At all times hereinafter mentioned, defendant, WAL-MART REAL ESTATE BUSINESS TRUST, was a Delaware Statutory Trust, with a principal business address located at 2001 SE 10th Street, Bentonville, AK 72716 and was owner of property located at 820 Cooper Street, Deptford, Gloucester County, State of New Jersey.

3. At all times hereinafter mentioned, defendant, WALMART #5476 was a fictitious name for a WALMART located at 820 Cooper Street, Deptford, Gloucester County, State of New Jersey.

1

4. At all times hereinafter mentioned, defendant, WALMART INC. formerly known as Wal-Mart Stores, Inc., was a foreign profit corporation incorporated in the state of Delaware with its main place of business identified as 708 SW 8th Street, Bentonville, AR, 72716.

5. At all times hereinafter mentioned, defendant, XYZ BUSINESS ENTITY #1-5 (fictitious names) was the owner of property located at 820 Cooper Street, Deptford, County of Gloucester, State of New Jersey.

6. At all times hereinafter mentioned, defendant, XYZ BUSINESS ENTITY #6-10 (fictitious names) was the operator of a Walmart known as Walmart #5476 located at 820 Cooper Street, Deptford, County of Gloucester, State of New Jersey.

7. At all times hereinafter mentioned, defendant, XYZ BUSINESS ENTITY #11-15 (fictitious names) was the maintenance company responsible for maintenance for the Walmart operating as Walmart #5476 located at 820 Cooper Street, Deptford, County of Gloucester, State of New Jersey.

## FIRST COUNT

1. For the sake of brevity, all paragraphs of Background are repeated herein and made part of the First Count as though specifically set forth herein at length.

2. On or about April 20, 2019, Plaintiff, JEANNINE STAHL, was lawfully and permissibly on the property of the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), located at 820 Cooper Street, Deptford, New Jersey as a business invitee.

3. While the Plaintiff was lawfully and permissibly upon said premises she was caused to trip and fall by a piece of metal protruding from a broken cart corral, where no repair or warning was provided, in the area where customers and patrons could be expected to traverse in order to

2

enter the store, thereby causing the Plaintiff to fall, sustaining serious injury.

4. Despite the Plaintiff exercising reasonable care and judgement, she did not and could not see the protruding metal.

5. Further, the Plaintiff had no knowledge of the hazard on the premises, as the Defendant failed to warn the Plaintiff of said hazard or to otherwise address the hazardous condition.

6. Thus, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and/or XYZ BUSINESS ENTITY #1-5 (fictitious names) did so carelessly and negligently maintain the aforedescribed premises so as to allow same to become and/or remain in an unsafe and dangerous condition and was otherwise negligent.

7. Further, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), had actual and/or constructive knowledge of the dangerous condition present upon the premises as aforesaid, and knew, or should have known that the dangerous condition present created a reasonably foreseeable risk of injury to invitees.

8. The Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), was under a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of those invitees who might be utilizing and/or traveling upon said premises.

9. The Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), at all times hereinafter mentioned, failed and neglected to take such reasonable action so as to provide for the safety of the invitees of the dangerous condition present upon the premises as aforesaid.

10. Alternatively, the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST,

and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), had a duty to take reasonable action to warn invitees of the dangerous condition present upon the premises as aforesaid.

11.     The Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), failed to take reasonable action to warn the Plaintiff, JEANNINE STAHL of the aforedescribed danger.

12.     As a result of the aforesaid trip and fall event, plaintiff, JEANNINE STAHL, sustained personal injuries of both a temporary and permanent nature, endured and will endure great pain and suffering, and has been and will be compelled to expend large sums of money for physicians and medical treatment in an attempt to cure herself of her said injuries and has been prevented from attending to her normal business and personal affairs, and has suffered various other economic and non-economic damages, including but not limited to various damages.

**WHEREFORE**, Plaintiff, JEANNINE STAHL, demands judgment against the Defendant, WAL-MART REAL ESTATE BUSINESS TRUST, and/or XYZ BUSINESS ENTITY #1-5 (fictitious names), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interests and court costs.

## SECOND COUNT

1.     For the sake of brevity, all paragraphs of Count One are repeated herein and made part of the Second Count as though specifically set forth herein at length.

2.     On or about April 20, 2019, Plaintiff, JEANNINE STAHL, was lawfully and permissibly on the property of the Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), located at 820 Cooper Street, Deptford, New Jersey as a business invitee.

3.     While the Plaintiff was lawfully and permissibly upon said premises she was caused

to trip and fall by a piece of metal protruding from a broken cart corral, where no repair or warning was provided, in the area where customers and patrons could be expected to traverse in order to enter the store, thereby causing the Plaintiff to fall, sustaining serious injury.

4. Despite the Plaintiff exercising reasonable care and judgement, she did not and could not see the the protruding metal.

5. Further, the Plaintiff had no knowledge of the hazard on the premises, as the Defendant failed to warn the Plaintiff of said hazard or to otherwise address the hazardous condition.

6. Thus, the Defendant, WALMART #5476 operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names) did so carelessly and negligently maintain the aforedescribed premises so as to allow same to become and/or remain in an unsafe and dangerous condition and was otherwise negligent.

7. Further, the Defendant, WALMART #5476 operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), had actual and/or constructive knowledge of the dangerous condition present upon the premises as aforesaid, and knew, or should have known that the dangerous condition present created a reasonably foreseeable risk of injury to invitees.

8. The Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), was under a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of those invitees who might be utilizing and/or traveling upon said premises.

9. The Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), at all times hereinafter mentioned, failed and neglected to take such reasonable action so as to provide for the safety of the invitees of the

dangerous condition present upon the premises as aforesaid.

10. Alternatively, the Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), had a duty to take reasonable action to warn invitees of the dangerous condition present upon the premises as aforesaid.

11. The Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), failed to take reasonable action to warn the Plaintiff, JEANNINE STAHL of the aforedescribed danger.

12. As a result of the aforesaid trip and fall event, plaintiff, JEANNINE STAHL, sustained personal injuries of both a temporary and permanent nature, endured and will endure great pain and suffering, and has been and will be compelled to expend large sums of money for physicians and medical treatment in an attempt to cure herself of her said injuries and has been prevented from attending to her normal business and personal affairs, and has suffered various other economic and non-economic damages, including but not limited to various damages.

**WHEREFORE**, Plaintiff, JEANNINE STAHL, demands judgment against the Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #6-10 (fictitious names), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interests and court costs.

### THIRD COUNT

1. For the sake of brevity, all paragraphs of Counts One and Two are repeated herein and made part of the Third Count as though specifically set forth herein at length.

2. At all times relevant herein, Defendants, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names) was the

6

party responsible for maintenance and repair of the parking lot for property located at or near 820 Cooper Street, Deptford, State of New Jersey upon which a retail store known as Walmart #5476 was located.

3. While the Plaintiff was lawfully and permissibly upon said premises she was caused to trip and fall by a piece of metal protruding from a broken cart corral, where no repair or warning was provided, in the area where customers and patrons could be expected to traverse in order to enter the store, thereby causing the Plaintiff to fall, sustaining serious injury.

4. Despite the Plaintiff exercising reasonable care and judgement, she did not and could not see the protruding metal.

5. Further, the Plaintiff had no knowledge of the hazard on the premises, as the Defendant failed to warn the Plaintiff of said hazard or to otherwise address the hazardous condition.

6. Thus, the Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names) did so carelessly and negligently maintain the aforedescribed premises so as to allow same to become and/or remain in an unsafe and dangerous condition and was otherwise negligent.

7. Further, the Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names), had actual and/or constructive knowledge of the dangerous condition present upon the premises as aforesaid, and knew, or should have known that the dangerous condition present created a reasonably foreseeable risk of injury to invitees.

8. The Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names), was under a duty to take reasonable action, both precautionary and remedial in nature, to provide for the safety of those invitees who might be utilizing and/or traveling upon said premises.

7

GLO-L-000372-21   04/06/2021 1:54:40 PM  Pg 8 of 11 Trans ID: LCV2021892568
Case 1:21-cv-14519-JHR-AMD   Document 1-1   Filed 08/03/21   Page 9 of 12 PageID: 17

9. The Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names), at all times hereinafter mentioned, failed and neglected to take such reasonable action so as to provide for the safety of the invitees of the dangerous condition present upon the premises as aforesaid.

10. Alternatively, the Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names), had a duty to take reasonable action to warn invitees of the dangerous condition present upon the premises as aforesaid.

11. The Defendant, WALMART #5476, operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names), failed to take reasonable action to warn the Plaintiff, JEANNINE STAHL of the aforedescribed danger.

12. As a result of the aforesaid trip and fall event, plaintiff, JEANNINE STAHL, sustained personal injuries of both a temporary and permanent nature, endured and will endure great pain and suffering, and has been and will be compelled to expend large sums of money for physicians and medical treatment in an attempt to cure herself of her said injuries and has been prevented from attending to her normal business and personal affairs, and has suffered various other economic and non-economic damages, including but not limited to various damages.

**WHEREFORE**, Plaintiff, JEANNINE STAHL, demands judgment against the Defendant, WALMART #5476 operated by WALMART, INC., and/or XYZ BUSINESS ENTITY #11-15 (fictitious names), for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interests and court costs.

## FOURTH COUNT

1.   For the sake of brevity, all paragraphs of Counts One, Two, and Three are repeated herein and made part of the Fourth Count as though specifically set forth herein at length.

**WHEREFORE**, Plaintiff, JEANNINE STAHL, demands judgment against the defendant, WAL-MART REAL ESTATE BUSINESS TRUST, WALMART INC., WALMART #5476, and/or XYZ BUSINESS ENTITY #1-15 (fictitious names), jointly, severally, and/or in the alternative, for such sums as would reasonably and properly compensate her in accordance with the laws of the State of New Jersey, together with interests and court costs.

**PLEASE TAKE NOTICE** that the Plaintiff hereby DEMANDS a trial by jury as to all issues in the within cause of action.

> DRINKWATER & GOLDSTEIN, LLP
> Attorneys for Plaintiff
>
> By:_____
>      TARA L. MAGITZ, ESQUIRE

DATED: April 1, 2021

**DEMAND FOR COMPLIANCE WITH RULES 4:10-2, 4:17 ET SEQ.AND 4:18-1**

TAKE NOTICE that the undersigned attorney, counsel for Plaintiff(s), hereby demands, pursuant to the provisions of Rule 4:10-2(b), that each Defendant named in the caption of this Complaint provide certified answers to the Request for Insurance Information, forwarded under separate cover, within the time prescribed by the Rules of this Court.

TAKE FURTHER NOTICE that the undersigned attorney, counsel for Plaintiff(s), hereby demands, pursuant to the provisions of Rules 4:10-2 and 4:17 et seq., that each

9

Defendant named in the caption of this Complaint provide certified answers to the Interrogatories prescribed by Form C and Form C.1 of Appendix II of the Rules of this Court and the set of Supplemental Interrogatories, forwarded under separate cover, within the time prescribed by the rules of this Court.

TAKE FURTHER NOTICE that the undersigned attorney, counsel for Plaintiff(s), hereby demands pursuant to the provisions of Rules 4:10-2 and 4:18-1, that each Defendant named in the caption of this Complaint provided certified answers to the Notice to Produce, forwarded under separate cover, within the time prescribed by the Rules of this Court.

DRINKWATER & GOLDSTEIN, LLP
Attorneys for Plaintiff

By:_____
      TARA L. MAGITZ, ESQUIRE

10

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action pending in any Court and is not the subject of a pending arbitration proceeding. Further, there are no other parties who should be joined in this litigation of whom I am aware, other than those named herein.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

          DRINKWATER & GOLDSTEIN, LLP
          Attorneys for Plaintiff

          By:_____
            TARA L. MAGITZ, ESQUIRE

## DESIGNATION OF TRIAL ATTORNEY

PLEASE TAKE NOTICE that TARA L. MAGITZ, Esq. is hereby designated as trial counsel.

          DRINKWATER & GOLDSTEIN, LLP
          Attorneys for Plaintiff

          By:_____
            TARA L. MAGITZ, ESQUIRE

DATED: April 1, 2021